IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

MAURICE TIMOTHY DEWS                                            PLAINTIFF
Reg. #45176-007

V.                        No. 2:23-cv-236-DPM-ERE

USA                                                              DEFENDANT

### RECOMMENDED DISPOSITION

**I.   Procedure for Filing Objections:**

This Recommendation has been sent to United States District Chief Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact, and Judge Marshall can adopt this Recommendation without independently reviewing the record.

**II.   Overview:**

On March 23, 2023, *pro se* plaintiff Maurice Timothy Dews, a federal inmate, filed this civil rights lawsuit under *Bivens v. Six Unknown Named Agents of Federal*

*Bureau of Narcotics*, 403 U.S. 388 (1971), in the Southern District of Illinois. *Doc. 1.*[1] On December 7, 2023, this case was transferred into this Court. *Doc. 15*.

Mr. Dews' complaint alleges that, on November 16, 2018, while he was incarcerated at Forrest City Medium, a federal prison in Forrest City, Arkansas, another inmate struck him in the face with a piece of wood. Mr. Dews sues the USA seeking monetary damages.

For the reasons explained below, Mr. Dews' complaint should be dismissed because he fails to state a constitutional claim against the USA and his claims are time-barred.

**III.   Discussion:**

    **A.   Standard**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*,

---

[1] On April 10, 2023, the Federal District Court for the Southern District of Illinois granted Mr. Dews' motion for leave to proceed in forma pauperis. *Doc. 9*.

636 F.3d 976, 979 (8th Cir. 2011).

In deciding whether Ms. Dews states a plausible claim for relief under *Bivens*, the Court must determine whether the allegations in the complaint, which are presumed true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint cannot simply "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id.* at 561 (citation omitted). Rather, the facts set forth in the complaint must "nudge [the] claims across the line from conceivable to plausible." *Id.* at 570.

### B. Defendant USA

First, Mr. Dews cannot proceed on his *Bivens* claim against the USA. "*Bivens* allows for a cause of action for damages against federal officials, not federal agencies, for certain constitutional violations." *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 812 (8th Cir. 2008); see also *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001) (explaining that: "The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP").

### C. Statute of Limitations

Second, the Court may dismiss a prisoner's claim at the screening stage if the complaint allegations show the claim is time-barred. *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations . . . show that relief is barred by the applicable statute

of limitations, the complaint is subject to dismissal for failure to state a claim;"); *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) ("Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915(d) [predecessor of § 1915(e)(2)(B)] when it is apparent the statute of limitations has run."),

A three-year statute of limitations applies to § 1983 actions filed in Arkansas. *Humphrey v. Eureka Gardens Pub. Facility Bd.*, 891 F.3d 1079, 1081 (8th Cir. 2018*).* Here, Mr. Dews' constitutional claim arose from events that occurred on November 18, 2018. The limitations period expired on November 18, 2021, and Mr. Dews initiated this lawsuit on March 22, 2023. In addition, Mr. Dews alleges no facts that arguably support tolling the limitations period. Accordingly, on the four corners of the complaint, Mr. Dews' claims are time-barred.

### IV.  Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Dews' complaint be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2. In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

4.  The Clerk be directed to close this case.

Dated 11 December 2023.

_____
UNITED STATES MAGISTRATE JUDGE